UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIAN MORRIS,<br>　　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A.,<br>　　　　　Defendant. | Case No. 21-cv-06270-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Defendant Wells Fargo Bank, N.A. ("Wells Fargo") brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). For the reasons explained below, the motion is granted. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing scheduled for May 26, 2022 is vacated.

　　　　On June 29, 2019, Plaintiff Lillian Morris filed this lawsuit against Wells Fargo, erroneously sued as Wells Fargo Mortgage, in Contra Costa Superior Court. On August 13, 2021, Wells Fargo timely removed this action to federal court. Wells Fargo moved to dismiss Morris's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). On October 14, 2021 this Court granted Defendant's motion for a more definite statement, as much of the complaint was partially handwritten and illegible. The Court provided instructions as to the form of the complaint and provided Morris with the contact information for the Federal Pro Bono Project's Legal Help Center. The Court gave Morris almost two months to prepare her new complaint.

1   Over a month after Morris's deadline to file a new complaint, Defendant brought a motion
2   to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Morris did not file an opposition to
3   Defendant's motion by the deadline. She did, however, mail to the Court a set of materials.
4   Morris's filing did not clearly outline a response to Wells Fargo's motion, nor did it include an
5   amended complaint that complied with this Court's October 14, 2021 order, but the filing did
6   indicate an attempt to file a document prior to the previously imposed December 10, 2021
7   deadline for filing a complaint. In light of this filing, Defendant's motion was denied without
8   prejudice, and Plaintiff was given four additional weeks in which to file an amended complaint.
9   Plaintiff was warned, however, that this was her last opportunity to comply with the Court's
10  orders. The deadline to file an amended complaint passed without Morris filing a new complaint,
11  and Defendant filed this second motion to dismiss pursuant to Rule 41(b).[1]

12  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant
13  may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under
14  this rule may "operate[] as an adjudication on the merits." *Id.* Morris has failed to comply with
15  multiple court orders which have afforded her months to file a legible complaint. Because of this
16  failure to comply with the Federal Rules of Civil Procedure and the court's orders, dismissal is
17  appropriate. *See Toyota Landscape Co., Inc. v. Building Material and Dump Truck Drivers Local*
18  *420*, 726 F.2d 525, 528 (9th Cir. 1984) (affirming dismissal with prejudice pursuant to Rule 41(b)
19  when plaintiff did not file an amended complaint). Thus, Plaintiff's lawsuit is dismissed with
20  prejudice.

22  **IT IS SO ORDERED**.

24  Dated: May 9, 2022

---

[1] On March 22, 2022, the Clerk's office received a one-page letter from Morris, dated March 4, 2022. The letter is illegible and does not appear to be a complaint, let alone a complaint that complies with this Court's orders concerning the format and contents required for a complaint.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 21-cv-06270-RS

_____
RICHARD SEEBORG
Chief United States District Judge